# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.

RYAN HARDING,

    *Defendant*.

No. 3:14cr226 (MPS)

## RULING ON MOTION FOR COMPASSIONATE RELEASE

The defendant, Ryan Harding, who is serving a sentence of imprisonment at Fort Dix Federal Correctional Institution in New Jersey, has filed a motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment and immediate release from custody due to the dangers posed by the COVID-19 virus.. (ECF No. 99.)  The government filed a memorandum in opposition (ECF No. 111), to which Mr. Harding filed a reply brief. (ECF No. 115).  For the reasons that follow, Mr. Harding's motion is denied.

On November 20, 2014, Mr. Harding pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  These charges stemmed from Harding's possession of more than 2000 images and 500 videos of child pornography, some of which depicted prepubescent children engaged in sexually explicit conduct.  (PSR para. 9.)  The case also involved aggravating conduct, which is described below.

On April 22, 2015, Mr. Harding was sentenced to 144 months of imprisonment for the receipt of child pornography and 120 months imprisonment for possession of child pornography,

to be served concurrently.  (ECF No. 84.)  He has served 61 months and his projected date of release is June 27, 2025.[1]

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  Before the First Step Act was enacted in 2018, this provision did not provide for the filing by the defendant of a motion with the Court, leaving the decision whether to file a motion seeking an order of "compassionate release" exclusively to the Director of the BOP.  The First Step Act amended the statute to the text shown above.  The Sentencing Commission, however, has not updated its policy statement applicable to Section 3582(c)(1)(A) to take account of the defendant's right, after exhausting remedies, to file a motion with the Court. *See* U.S.S.G. § 1B1.13.  I therefore agree with several district courts that have addressed this issue and found that the provisions of U.S.S.G. § 1B1.13—though still providing useful guidance—are obsolete, and thus that the statutory language requiring that the sentence reduction be "consistent with applicably policy statements by the Sentencing Commission" is no longer operative.  *See, e.g., United States v. Rodriguez*, 2020 WL 1627331 *4 (E.D. Pa. April 1, 2020).

Therefore, I may reduce Mr. Harding's term of imprisonment if (1) he has fully exhausted

---

[1] See the Federal Bureau of Prisons website, https://www.bop.gov/inmateloc/ (last visited June 3, 2020).

his administrative remedies or 30 days have passed from receipt of his request by the Warden, and (2) I find, after considering the Section 3553(a) factors, that "extraordinary and compelling reasons" warrant" a reduction of his terms of imprisonment.

I have previously found the statutory exhaustion requirement to be mandatory and not excusable by the Court. *United States v. Nathaniel Smith*, 2020 WL 1903160 (D. Conn. Apr. 17, 2020). Mr. Harding submitted a copy of his petition dated April 18, 2020 to the warden for compassionate release due to his health concerns and the COVID-19 pandemic. (ECF No. 95 at 17, 97.) Because this motion was filed more than 30 days after the request to the warden, Mr. Harding has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A)(courts can consider motions for compassionate release after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.")

As to the merits of Mr. Harding's motion, however, I find that he has not shown that there exist "extraordinary and compelling reasons" to reduce his term of imprisonment and grant his release.

Mr. Harding, who is 34 years old, argues that he is especially vulnerable to COVID-19 because he has asthma. (ECF 99-1 at 30.) The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions are at a higher risk for serious illness or death from COVID-19.[2] Those conditions include "moderate to severe asthma."[3] Although Mr. Harding's medical records indicate that he was diagnosed with asthma as a child, there is no indication that he has "moderate to severe asthma." Rather, the records reflect that he suffers from "mild intermittent asthma." *See* ECF No. 104 at 172,

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html
[3] Asthma is classified into four categories: mild intermittent; mild persistent; moderate persistent; and severe persistent. https://www.webmd.com/asthma/qa/what-are-the-categories-of-asthma

record dated 1/8/18; ECF No. 105 at 135, record dated 9/30/16; ECF No. 105 at 81, record dated 7/18/16; ECF No. 102 at 97, record dated 7/29/15.  His asthma is assessed as "stable" (ECF No. 102 at 14, record dated 2/10/20) and controlled (ECF No. 104 at 172-73 record dated 1/8/18 "[Harding] denies any wheezing, coughing, or night symptoms.  His asthma does not interfere with his activity level.").  Mr. Harding has been seen regularly by medical staff for other issues. Most records make no mention at all of his asthma.  Mr. Harding consistently denied having any shortness of breath.  *See, e.g.* ECF No. 102 at 9, record dated 3/17/20; ECF No. 102 at 19, record dated 1/10/20; ECF No. 107 at 28 record dated 10/23/19; ECF No. 102 at 59, record dated 7/17/19; ECF No. 103 at 31, record dated 12/10/18; ECF No. 103 at 56, 59, record dated 7/31/18 (denied shortness of breath, wheezing, and recent asthma attacks and reported that "asthma does not interfere with his activity level"); ECF No. 106 at 56, record dated 7/21/15 ("last [asthma] attack [was] 'a couple years ago. Occurs with heavy activity or change in season."); ECF No. 107 at 2, record dated 5/12/15 (diagnosed with asthma as a child, denies any hospitalizations, states "sparing use of inhaler only during season changes and exercise"). Given this record, Mr. Harding has failed to demonstrate that his asthma rises to a level that renders him especially vulnerable.  *See United States v. Belle,* 2020 WL 2129412, at *5 (D. Conn. May 5, 2020) (denying compassionate release to a 26 year old man with asthma for which he is prescribed an albuterol inhaler but who has not suffered "an asthma exacerbation in years"); *United States v. Rodriguez*, 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (denying compassionate release to a 26-year-old with a history of asthma from childhood, which is induced by heavy exercise, treated with an albuterol inhaler, and is reported as well controlled).

      Mr. Harding also argues that he has a "history of obesity" and that he has struggled with

his weight.  (ECF No. 99 at 30.)  According to the CDC, individuals suffering from "severe obesity," defined as having a body mass index (BMI) of 40 or higher, are at high risk from COVID-19.  But Harding does not meet this threshold --his BMI as of October 29, 2019 is 29.4, which is classified as "overweight."[4]  (ECF No. 102 at 24.)

In short, Mr. Harding does not have one of the underlying health conditions that the CDC has identified as being high risk.

Further, consideration of the 3553(a) factors weighs against release in this case.  The need to protect the public and reflect the seriousness of the offense loom largest, and have not been adequately addressed by the defendant's time served to date.  The defendant's crimes were not limited to the possession of child pornography but included creating pornographic images of a disabled minor in his custody.  (PSR paras. 11-13.)  The Presentence Report also details related conduct concerning a second disabled minor which, though not criminal, demonstrates at least a failure to maintain proper boundaries – and potentially worse – as well as a serious breach of the trust placed in him as a caretaker of autistic and intellectually disabled children. (PSR paras. 16, 24-26.)  Further, the defendant's admissions to law enforcement about his interest in child pornography, together with the longstanding nature of his conduct and the volume of his collection (PSR paras. 8-9), suggest that the defendant's predilections themselves would present a danger to the public, especially given his proposal to reside with the same custodian and in the same residence where much of his offense conduct took place.

In support of his request, Mr. Harding submitted a letter to the court.  I read the letter carefully and was impressed by the steps he has attempted to take in prison to better himself. This is not enough, however, to warrant a finding of "extraordinary and compelling reasons"

---

[4] https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html (last visited June 3. 2020)

under Section 3582(c)(1)(A).  And while the letter does suggest that Mr. Harding understands the seriousness of his offense, it does not alter my determination that the Section 3553(a) factors weigh against release here.

Having carefully considered the record in this case, including Mr. Harding's medical records and the Presentence Report, and having applied the Section 3553(a) factors, I cannot find that there are extraordinary and compelling reasons warranting a reduction in Mr. Harding's term of imprisonment.  I therefore deny his motion for release (ECF No. 99).  I grant the motion to seal his letter (ECF No. 116) because it contains sensitive personal information regarding the defendant.

IT IS SO ORDERED.


Dated: Hartford, Connecticut
       June 4, 2020


_____/s/_____
Michael P. Shea, U.S.D.J.